UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Roland Kelley,

Petitioner

v.

Jeremy Bean, et al.,

Respondents

Case No. 2:26-cv-01165-CDS-EJY

**Order Granting Petitioner's Motion for Appointment of Counsel**

[ECF No. 1-2]

Petitioner Roland Kelley filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the filing fee. ECF Nos. 1-1; 4. I conducted an initial review of this action under the Rules Governing 2254 Cases and directed Kelley to show cause why his petition should not be dismissed as untimely and for failure to exhaust state-court remedies. ECF Nos. 5; 6. Kelley timely responded to the orders to show cause contending the procedural bars should be excused because he can show good cause, undue prejudice, manifest injustice, and that he is factually innocent. ECF Nos. 6; 8. Kelley also filed a motion for appointment of counsel. ECF No. 1-2.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The court finds appointment of counsel in this case is in the interests of justice, given the complexity of Kelley's claims for excusal of procedural bars and because it is unclear whether he will be able to adequately present his claims in proper person with the resources available to him. I therefore grant Kelley's motion for appointment of counsel and provisionally appoint the Federal Public Defender to represent him.

I order that the clerk of court is directed to file the petitioner Roland Kelley's petition for a writ of habeas corpus [ECF No. 1-1].

I further order that Kelley's motion for appointment of counsel **[ECF No. 1-2] is granted**.

I further order that the Federal Public Defender is provisionally appointed as counsel and has through September 11, 2026, to undertake direct representation of Kelley or indicate an inability to represent Kelley in these proceedings. If the Federal Public Defender is unable to represent Kelley, the Court will appoint alternate counsel. The counsel appointed will represent Kelley in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

I further order that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Kelley at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I further order that the clerk of court is directed to add Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

I further order that the respondents' counsel must enter a notice of appearance by August 28, 2026, but no further response will be required from the respondents until further order of the Court.

I further order that the Clerk of Court is directed to send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: August 6, 2026

________________________________
Cristina D. Silva
United States District Judge