UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Roland Kelley,<br><br>Petitioner<br><br>v.<br><br>Jeremy Bean, et al.,<br><br>Respondents | Case No. 2:26-cv-01165-CDS-EJY<br><br>**Scheduling Order** |

In this habeas corpus action, I appointed counsel for petitioner Roland Kelley. ECF No. 9. Respondents' counsel appeared in this matter on August 11, 2026. ECF No. 11. On September 11, 2026, Martin L. Novillo appeared on behalf of Kelley. ECF No. 12.

I therefore order that Martin L. Novillo is appointed as counsel for Kelley under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Kelley in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I further order that, if necessary, Kelley must file an amended petition for a writ of habeas corpus by December 24, 2026. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If Kelley determines an amended petition need not be filed, then, by December 24, 2026, Kelley must file a notice to that effect.

I further order that the respondents have 60 days following the filing of the amended petition to file an answer or other response to the amended petition. If Kelley does not file an amended petition, the respondents have 60 days following the due date for the amended petition to file an answer or other response to the original petition.

I further order that Kelley has 45 days following the filing of an answer to file a reply. Respondents have 30 days following the filing of a reply to file a response to the reply.

I further order that if the respondents file a motion to dismiss, Kelley has 60 days following the filing of the motion to file a response to the motion. Respondents have 30 days following the filing of the response to file a reply.

I further order that if Kelley wishes to move for leave to conduct discovery, Kelley must file such motion concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the respondents' answer. Any motion for leave to conduct discovery filed by Kelley before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Kelley's reply. Thereafter, Kelley has 20 days to file a reply in support of the motion for leave to conduct discovery.

I further order that if Kelley wishes to request an evidentiary hearing, Kelley must file a motion for an evidentiary hearing concurrently with, but separate from, the response to the respondents' motion to dismiss or the reply to the respondents' answer. Any motion for an evidentiary hearing filed by Kelley before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Kelley files a motion for an evidentiary hearing, the respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Kelley's reply. Thereafter, Kelley has 20 days to file a reply in support of the motion for an evidentiary hearing.

Dated: September 24, 2026

______________________________

Cristina D. Silva
United States District Judge